IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| DANIEL PIERCE, Pro Se, | No. 87924-3-I |
| Appellant, | |
| v. | |
| WASHINGTON STATE HUMAN RIGHTS COMMISSION (HRC), | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, A.C.J. — Daniel Pierce petitioned the superior court for judicial review of the Washington Human Rights Commission's (HRC's) alleged failure to investigate his complaints of discrimination by his former employer and several state agencies. Because Pierce lacks standing and the agency's enforcement decisions are discretionary and not subject to judicial review, his pleadings fail to establish a legally cognizable claim. We affirm the superior court's dismissal under CR 12(b)(6).

FACTS

Pierce is a hair stylist and began working at Fix Salon in 2021. In 2023, Pierce complained to several state agencies, alleging workplace safety violations, wage theft, and discrimination by his employer. He alleged that after learning of his reports, the owner of the salon engaged in illegal retaliation and terminated his employment.

Pierce continued to pursue his complaints against Fix Salon with, among other agencies, the Department of Labor and Industries (DLI) and the HRC. In 2024, Pierce filed eight additional HRC complaints, alleging discrimination by Fix Salon, DLI, the Department of Licensing (DOL), the Attorney General's Office, the Governor's Office, the Employment Security Department (ESD), Washington Technology Solutions, and DLI's Division of Occupational Safety and Health (DOSH). The HRC declined to investigate Pierce's complaints against the other agencies, stating the complaints fell outside its jurisdiction, and "state agency's administrative processes are not considered a place of public accommodation." The HRC performed a preliminary investigation of Pierce's complaint against his former employer but found insufficient evidence met the legal standard required to support the allegations of retaliation. The HRC made a finding of "No Reasonable Cause" and closed the investigation.

Pierce then filed a "Petition for Administrative Law Review and Damages" against the HRC in King County Superior Court. Attached to his 170-page complaint, Pierce appended over 500 pages of exhibits. The complaint asserts more than a dozen claims against various entities, including DOL, ESD, DLI, DOSH, the Governor's Office, and his former employer. Only two of the alleged causes of action implicate HRC by name: (1) a claim for discrimination under RCW 49.44.211 and (2) a claim for procedural and investigative failures under the Administrative Procedures Act (APA), chapter 34.05 RCW.

The HRC moved to dismiss Pierce's claims, addressing both tort and APA law.[1] The HRC argued that Washington does not have a cause of action for negligent investigation, Pierce lacked standing to bring a claim under the APA, and the agency's enforcement decisions are discretionary and not subject to judicial review. Pierce responded that the HRC violated its statutory duty and the APA by failing to fairly investigate his claims. The superior court agreed with the HRC and dismissed Pierce's complaint with prejudice.

Pierce appeals.

ANALYSIS

Pierce challenges the dismissal of his APA claims against the HRC for failure to state a claim on which a court can grant relief.[2] The HRC contends the trial court properly dismissed the claims because Pierce lacks standing and its prosecutorial decisions are discretionary and not subject to judicial review. We agree with the HRC.

We review de novo a trial court's ruling to dismiss a claim under CR 12(b)(6). *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). A court should dismiss a claim under CR 12(b)(6) "only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.' " *Id.* (quoting *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)). We presume the facts alleged in the complaint are

---

[1] We note HRC's motion to dismiss is not included in the record on review.

[2] In the trial court and on appeal, the HRC provides argument in support of dismissal for both tort and APA claims. Pierce characterizes his case as an APA claim, so we consider his appeal under only the APA.

true and may consider hypothetical facts supporting the plaintiff's claims.[3]  *Id.*  But we need not accept the legal conclusions in the complaint.  *Jackson v. Quality Loan Serv. Corp. of Wash.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015).

Generally, the APA provides the exclusive means of judicial review of an agency action and prescribes the standard of review used to determine whether agency action or inaction is valid.  *See* RCW 34.05.510, .570(1)(b).  The party alleging a violation of the APA has the burden of showing the invalidity of an agency's action.  RCW 34.05.570(1)(a).

A party seeking judicial review of agency action must first establish its standing to bring a claim.  *See KS Tacoma Holdings, LLC v. Shorelines Hr'gs Bd.*, 166 Wn. App. 117, 127, 272 P.3d 876 (2012).  Under the APA, a person has standing to obtain judicial review of agency action if that person "is aggrieved or adversely affected by the agency action."  RCW 34.05.530.  To be "aggrieved" or "adversely affected" under this section, a person must meet three conditions:

> (1)  The agency action has prejudiced or is likely to prejudice that person;
> (2)  That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3)  A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

*Id.*; *see Allan v. Univ. of Wash.*, 140 Wn.2d 323, 326, 997 P.2d 360 (2000).  The

---

[3] "In general, when ruling on a CR 12(b)(6) motion to dismiss, the trial court may consider only the allegations contained in the complaint and may not go beyond the face of the pleadings." *Jackson v. Quality Loan Serv. Corp. of Wash.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015).  Here, Pierce's pleadings include over 500 pages of exhibits, and we include them in our review.

first and third prongs of RCW 34.05.530 establish " 'injury-in-fact,' " and the second prong ensures the party is within the " 'zone of interest' " of the agency action. *Allan*, 140 Wn.2d at 326-27 (quoting *Allan v. Univ. of Wash.*, 92 Wn. App. 31, 36, 959 P.2d 1184 (1998), *aff'd*, 140 Wn.2d 323).

We review issues of standing de novo. *Benton County Water Conservancy Bd. v. Dep't of Ecology*, 3 Wn.3d 59, 67, 546 P.3d 394 (2024). "Prejudice is a principal focus of the injury-in-fact inquiry. To prove prejudice, the party seeking review must demonstrate how the agency action caused specific and perceptible injury to a legally protected interest." *Benton County*, 3 Wn.3d at 68. Here, Pierce fails to show injury-in-fact.

Under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, a person alleging discrimination may file a complaint with the HRC or pursue a civil action in the courts. *See* RCW 49.60.030(2),[4] .230(1)(a) ("Any person claiming to be aggrieved by an alleged unfair practice may, personally or by his or her attorney, make, sign, and file with the [HRC] a complaint."); *Mut. of Enumclaw Ins. Co. v. Hum. Rights Comm'n*, 39 Wn. App. 213, 216, 692 P.2d 882 (1984) (the HRC and courts have concurrent jurisdiction over discrimination claims). If the HRC declines to further investigate or enforce the discrimination claim, the person may bring a civil action under RCW 49.60.030(2). *See Mut. of*

---

[4] RCW 49.60.030(2) provides:

Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by [law].

*Enumclaw*, 39 Wn. App. at 216 (superior court cannot intervene in proceedings where the HRC has jurisdiction; "its turn would come on an appeal" of the HRC's order).  So, despite the HRC's determination to close its investigation of Pierce's claims, Pierce retains a legal remedy against his former employer—a civil lawsuit under RCW 49.60.030(2).  As a result, HRC's action has not injured his legally protected interests.

Even if Pierce had standing, he fails to state a viable claim under the APA.  Pierce's complaint asserts that the HRC failed "to provide unbiased investigations and procedural safeguards under [the APA]."  On appeal, he asserts his claim is grounded in agency inaction under RCW 34.05.570(4)(b).  That statute allows "[a] person whose rights are violated by an agency's failure to perform a duty that is required by law to be performed" to petition for APA review.  *Id.*  And a court may grant relief for a person aggrieved by an agency's failure to perform a duty if the court determines that the inaction is unconstitutional, outside the statutory authority of the agency, arbitrary or capricious, or taken by persons who were not lawfully entitled to do so.  RCW 34.05.570(4)(c).  But the facts alleged in Pierce's complaint and attached materials show only that the HRC did take action in accordance with its mandate.

Under the WLAD, the HRC has a mandate to "receive, impartially investigate, and pass upon complaints alleging unfair practices as defined in this

6

chapter." RCW 49.60.120(4).[5] Under the procedure outlined in the statute, the HRC conducts a preliminary review and evaluation of complaints received. RCW 49.60.240(1)(a). "If the facts as stated in the complaint do not constitute an unfair practice under this chapter, a finding of no reasonable cause may be made without further investigation." *Id.*; *see also* WAC 162-08-094(2) ("Whenever the allegations of the complaint, if true, show no basis for [HRC] action, then the staff without further investigation may enter a finding of no reasonable cause or write a recommendation for a finding of no jurisdiction, or other appropriate disposition."). If the facts as stated could constitute an unfair practice, "a full investigation and ascertainment of the facts shall be conducted." RCW 49.60.240(1)(a).

---

[5] Under the WLAD, the HRC oversees allegations of discrimination "in employment, in credit and insurance transactions, in places of public resort, accommodation, or amusement, and in real property transactions." RCW 49.60.010. The seven complaints Pierce filed to report discrimination by state agencies fall outside these parameters. The HRC informed Pierce it did not have the authority to conduct investigations of state agencies because they are outside of its jurisdiction. Pierce disagrees with this assessment, alleging that "RCW 49.60.120 expressly grants HRC jurisdiction over 'the state, any political subdivision or municipal corporation, or any public agency.' " So, refusal to investigate his complaint that DLI discriminated against him was an erroneous interpretation or application of the law under RCW 34.05.570(3)(d), and refusal to accept evidence and correct this jurisdictional determination was unlawful procedure under RCW 34.05.570(3)(c). But RCW 49.60.120 does not establish HRC jurisdiction over the entities as Pierce suggests. Rather, the HRC may "cooperate and act jointly or by division of labor with the United States or other states, with other Washington state agencies, commissions, and other government entities, and with political subdivisions of the state of Washington and their respective human rights agencies." RCW 49.60.120(7). The statute allows the HRC to cooperate with other agencies to investigate allegations of unfair practices; it does not permit the HRC to investigate other agencies. *Id.* So, the HRC's conclusion that the seven complaints against state agencies were outside its jurisdiction was not an erroneous interpretation or application of the law or an unlawful procedure, and Pierce's claims are not cognizable under RCW 34.05.570(3).

Based on the documents included with his complaint, an HRC civil rights investigator investigated Pierce's allegations about his former employer and reported the findings to Pierce:

> To substantiate a retaliation complaint, there must be sufficient evidence of a causal connection between a person's opposition to an unfair practice under [the WLAD] and the adverse action that the person is subjected to. My manager and I recognize that you opposed an unfair practice by filing a discrimination complaint with the [HRC] and that Fix Salon Seattle's owner Mandy McCullough removed your access to the employee group chat and company software after you disclosed your complaint. However, we found it was more likely that McCullough took these actions not because of your disclosure, but rather because of the disruption caused by the rest of your June 4, 2023 message, including you making multiple negative remarks about McCullough in front of all her employees. Additionally, while filing and disclosing a discrimination complaint is a protected activity, that protection is limited to opposition that is conducted in a reasonable manner.

The HRC investigation and conclusion satisfied its statutory duty. Pierce provides no facts that show agency inaction that would raise a claim under RCW 34.05.570(4)(c), including inaction that is unconstitutional, outside the statutory authority of the HRC, arbitrary or capricious, or taken by persons who were not lawfully entitled to do so.

As Pierce's pleadings make clear, he strongly disagrees with the HRC's findings. But the HRC's decision is a matter of agency discretion, and agency discretion as to enforcement decisions is not subject to judicial review. *See Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland*, 138 Wn.2d 9, 31, 978 P.2d 481 (1999); *Heckler v. Chaney*, 470 U.S. 821, 831, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985).

Because Pierce fails to state a claim on which a court can grant relief, we affirm the trial court's order dismissing his complaint under CR 12(b)(6).

_____, ACJ

WE CONCUR:

_____          _____
Bui, J.                          Chung, J.